## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

On April 29, 2024 (the "Petition Date"), Weiss Multi-Strategy Advisers LLC ("WMSA"), GWA, LLC ("GWA"), OGI Associates LLC ("OGI") and Weiss Special Operations LLC ("WSO and, together with WMSA, GWA and OGI, collectively, the "Debtors") filed voluntary petitions under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (the "Bankruptcy Cases") before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or the "Court") [Dkt. No. 1], which are jointly administered under the caption *Weiss Multi-Strategy Advisers LLC, et al.,* Case No. 24-10743 (Bankr. S.D.N.Y.).

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Debtors' Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements"). The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report their assets and liabilities.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, inadvertent errors or omissions may exist, and subsequent information or discovery may result in material changes to the Schedules and Statements. Accordingly, the Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.

Except as expressly required by the Bankruptcy Code, the Debtors, their attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of their officers, agents, and advisors, disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

Michele Lanzoni has signed each set of Schedules and Statements. Ms. Lanzoni serves as Controller of the Debtors, and she is an authorized signatory for each of the Debtors in these Bankruptcy Cases. In reviewing and signing the Schedules and Statements, Ms. Lanzoni has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their legal advisors.  Ms. Lanzoni has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## <u>Global Notes and Overview of Methodology</u>

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, to: amend the Schedules and Statements with respect to claim description or designation; dispute or otherwise assert offsets or defenses to any claim as to amount, liability, priority, status, or classification; designate any claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any claim. Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' Bankruptcy Cases, including, without limitation, issues involving claims, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors are not hereby committing or obligating themselves to update the Schedules and Statements.

2. **Description of Cases and "as of" Information Date**. The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of the Petition Date, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the Petition Date.

3. **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Additionally, because the book values of certain assets, such as equipment, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4. **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, further designate, add, or delete items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available.

5. **Real Property and Personal Property–Leased**. In the ordinary course of their business, the Debtors may have leased various articles of personal property, including fixtures and equipment, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements.

6. **Excluded Assets and Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

7. **Section 503(b)(9)**. The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

8. **Executory Contracts and Unexpired Leases**. The Debtors' known executory contracts and unexpired leases have been set forth in Schedule G.  The Debtors reserve all rights to add or delete items reported in Schedule G as necessary or appropriate as additional information becomes available, including, without limitation, as to whether contracts or leases listed therein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

9. **Classifications**. Listing a claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases or to setoff of such claims.

10. **Claims Description**. Schedules D and E/F permit the Debtors to designate a claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a claim as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and/or Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed", "contingent", or "unliquidated" or

object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to the claim description and designation.

11. **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

12. **Causes of Action**. Despite reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counter-claim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, whether asserted directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

13. **Parties-in-Interest.** In the circumstance where the Schedules and Statements require information regarding "insiders", the Debtors have included information with respect to certain individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. The listing of a party as an insider for the purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for (1) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual exercised management responsibilities or functions or corporate decision-making authority over the Debtors, or (iii) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code, or with respect to any theories of liability, or (2) any other purpose.

14. **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

15. **Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtors' Schedules

**Redactions.** Addresses of individuals have been redacted in accordance with the Court's *Order (I) Extending Debtors' Time to File Schedules and Statements of Financial Affairs and (II) Authorizing Debtors to Redact in Filed Documents and File Under Seal Personally Identifiable Information of Individuals* [Dkt. No. 56].

**OGI Schedule A/B, Part 4**. OGI currently holds an interest in certain Portuguese bonds that are the subject of active litigation in Portugal and the United States. OGI, among others, has filed claims seeking to recover losses incurred as a result of the decision of the Bank of Portugal on December 29, 2015 to retransfer €2.2b of such bonds owned by foreign investors from Nova Banco back to Banco Espirito Santo, which remain pending. The Debtors have listed the Portuguese bonds as an asset of OGI on OGI's Schedule A/B, Part 4, Line 16.1, in the amount of $5,331,322.41, representing the approximate current market valuation of such bonds. However, if OGI's claims are successful, OGI stands to potentially recover in excess of $48 million on account of such bonds. If the litigation is unsuccessful, OGI still expects to recover approximately $8.6 million, representing the floor recovery amount available on account of OGI's holdings, at the conclusion of the litigation. It should be noted that certain non-debtor clients as to which WMSA is the registered investment advisor – Weiss Multi Strategy Partners LLC, an affiliate ("WMSP") and Alphas Managed Accounts Platform LXXIX Limited – also hold Portuguese bonds subject to the pending litigation, which bonds are expected to have an aggregate value of between $3.6 million (approximate current market prices) and potentially $32.2 million (in a completely successful litigation). The GWA, LLC 401(k) Profit Sharing Plan sponsored by GWA (the "401(k) Plan") is one of the investors in WMSP, and as such, is an ERISA plan with a beneficial interest in the recovery on these bonds held by WMSP.

**WMSA Schedule A/B, Part 1.** WMSA's Bank of America Account ending -4721 listed on Part 1, Line 3.4 (the "Flex Spending Account") holds funds belonging to employees of WMSA subject to ERISA in which WMSA maintains only a contingent reversionary interest. This Flex Spending Account was incorrectly noted on the *Declaration of Pierce Archer, Senior Vice President and Chief Operating Officer of the Debtors Pursuant to Local Bankruptcy Rule 1007-2 In Support of Chapter 11 Petitions* filed on April 30, 2024 [Dkt. No. 6] (the "Declaration") as account ending 8810 owned by GWA. See Decl., ¶ 52, n.3. The Debtors intend to file a supplemental Declaration that will, among other things, correct this statement.

**All Debtors, Schedule D.** The Debtors list the claims of Jefferies Strategic Investments, LLC and Leucadia Asset Management Holdings LLC (the "Jefferies Parties") as disputed

secured claims on each Debtor's Schedule D. These claims are the subject of the Debtors' pending adversary proceeding against the Jefferies Parties [Adv. Pro. No. 24-01350] (the "Adversary Proceeding") wherein the Debtors have asserted, among other things, that these claims are avoidable to the extent arising under or secured pursuant to that certain alleged Forbearance Agreement dated as of February 12, 2024. See generally Complaint, Dkt. No. 1 [Adv. Pro. No. 24-01350]. Nothing set forth in Schedule D or the other Schedules or Statements is intended to or shall constitute a waiver of any claim or defense or right of setoff the Debtors may have or assert at any time in connection with claims of the Jefferies Parties (or their affiliates) or the subject matter of the Adversary Proceeding.

**All Debtors, Schedule E/F Part 1 and Part 2.**  The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F, Part 1 and Part 2, based upon their books and records as of the Petition Date. Determining the date upon which each claim on Schedule E/F, Part 1 and Part 2, was incurred or arose would be unduly burdensome and cost prohibitive. Furthermore, claims listed on Schedule E/F, Part 1 and Part 2, may have been aggregated by unique creditor name and "remit to" address and may include several dates of incurrence for the aggregate balance listed.

**All Debtors, Schedule G.** Contact information of a counterparty to a contract or lease listed on Schedule G may not be included where such information could not be obtained through the Debtors' reasonable efforts. Listing or omitting an agreement on Schedule G does not constitute an admission that such agreement is or is not an executory contract or unexpired lease, was or was not in effect on the Petition Date, or is or is not valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. The contracts and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' reasonable efforts to identify such documents. Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, memoranda of understanding, title agreements and confidentiality agreements, which may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**All Debtors, Schedule H.** Inclusion of any Debtor or other party as a co-debtor on Schedule H is not an admission of liability of such Debtor or other party as co-liable. For

example, a Debtor may be listed as a co-debtor on Schedule H as a result of its purported guarantee which is the subject of dispute pursuant to the Debtors' pending Adversary Proceeding. Conversely, the Debtors may not have identified certain guarantees associated with their executory contracts, unexpired leases, debt instruments, and other such agreements.

**GWA Statements, Part 9, Line 17.** Although GWA has no employees, the employees of WMSA are participants in the 401(k) Plan sponsored by GWA. The 401(k) Plan is therefore listed on the Statements of GWA, Part 9, Line 17.

**WMSA Statements, Part 2, Lines 3 and 4.** As set forth in the Declaration, WMSA paid bonuses totaling $28,139,616 to WMSA's employees on or about February 12, 2024 (the "Bonus Payments"). The Bonus Payments are set forth in Part 2, Lines 3 and 4 of the Statements, as applicable, in the interests of disclosure. Such disclosure is not intended to and shall not be deemed to be an admission of any kind with respect to the Bonus Payments, which were contractual, standard in the industry and/or consistent with the ordinary business practices of WMSA.

**WMSA, GWA and WSO Statements, Part 2, Line 4**. Additional pages attached to the Statements, Part 2, Line 4 set forth certain payments by the Debtors to affiliates. In the ordinary course of business, funds are transferred among the Debtors and non-debtor affiliates to allocate expenses and for the purpose of maintaining certain equity levels on their respective balance sheets. For financial reporting purposes, these intercompany transfers are eliminated in the GWA, LLC consolidated financials in accordance with GAAP. In addition, contributions are made by WMSA to the GWA 401(k) Profit Sharing Plan to meet ERISA safe harbor requirements.

**All Debtors, Statements, Part 13, Line 31.** The Debtors are pass-through entities for tax consolidation purposes. WSO is a disregarded entity of WMSA, and the financial activities of WSO are consolidated in the WMSA tax return, which, in turn, is consolidated in the GWA, LLC tax return. OGI is a disregarded entity of GWA, and the financial activities of OGI are consolidated in the GWA tax return. WMSA and GWA are taxed as partnerships.

**Fill in this information to identify the case:**

Debtor name  **OGI Associates LLC**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF NEW YORK

Case number (if known)  **24-10745**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **June 11, 2024**     X **/s/ Michele Lanzoni**
                                        Signature of individual signing on behalf of debtor

                                        **Michele Lanzoni**
                                        Printed name

                                        **Controller**
                                        Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name **OGI Associates LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **24-10745**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals
12/15

### Part 1:  Summary of Assets

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................................. $    **0.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................................ $    **5,332,486.41**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................................. $    **5,332,486.41**

### Part 2:  Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................... $    **95,664,183.00**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................... $    **0.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................................. +$    **9,130.57**

4. Total liabilities ......................................................................................................
   Lines 2 + 3a + 3b

   $    **95,673,313.57**

| Fill in this information to identify the case: |
|---|
| Debtor name **OGI Associates LLC** |
| United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known)  **24-10745** |

☐ Check if this is an
   amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Citibank, N.A.** | **Brokerage** | **278B** | **$1,155.00** |
| 3.2. | **Morgan Stanley** | **Brokerage** | **AA78** | **$9.00** |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**                                                                                        | **$1,164.00** |
       Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Debtor | **OGI Associates LLC** | Case number *(if known)* **24-10745** |
|---|---|---|
| | Name | |

---

| **Part 4:** | **Investments** |
|---|---|

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.
■ Yes Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. | **Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| 15. | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity:                         % of ownership | | |
| 16. | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: | | |
| 16.1. | **Portuguese Bonds (subject to pending litigation)** | | $5,331,322.41 |

| 17. | **Total of Part 4.** | | $5,331,322.41 |
|---|---|---|---|
| | Add lines 14 through 16.  Copy the total to line 83. | | |

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| **Part 8:** | **Machinery, equipment, and vehicles** |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| **Part 9:** | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| **Part 10:** | **Intangibles and intellectual property** |
|---|---|

Debtor   **OGI Associates LLC**                                    Case number *(If known)*  **24-10745**
_____
Name

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor    **OGI Associates LLC**                                                    Case number *(If known)*  **24-10745**
          _____
          Name

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $1,164.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $5,331,322.41 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $5,332,486.41 | + 91b.  $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $5,332,486.41 |

**Fill in this information to identify the case:**

Debtor name   **OGI Associates LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   **24-10745**

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** **Jefferies Strategic Investments, LLC**<br>Creditor's Name<br><br>**c/o Leucadia Asset Management Holdings**<br>**520 Madison Avenue**<br>**New York, NY 10022**<br>Creditor's mailing address<br><br>**Scott.Balber@hsf.com**<br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number** | Describe debtor's property that is subject to a lien<br><br><br>Describe the lien<br><br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | **$43,190,924.00** | **Unknown** |
| **Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed | | |
| **2.2** **Leucadia Asset Management Holdings LLC**<br>Creditor's Name<br><br>**520 Madison Avenue**<br>**New York, NY 10022**<br>Creditor's mailing address<br><br>**Scott.Balber@hsf.com**<br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number** | Describe debtor's property that is subject to a lien<br><br><br>Describe the lien<br><br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | **$52,473,259.00** | **Unknown** |

| Debtor | **OGI Associates LLC** | Case number (if known) | **24-10745** |
|---|---|---|---|
| | Name | | |

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ■ Disputed |

| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | **$95,664,183. 00** |
|---|---|---|

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Herbert Smith Freehills 450 Lexington Avenue Attn: Scott S. Balber New York, NY 10017** | Line  **2.1** | |
| **Herbert Smith Freehills 450 Lexington Avenue Attn:  Scott S. Balber New York, NY 10017** | Line  **2.2** | |

**Fill in this information to identify the case:**

Debtor name   **OGI Associates LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   **24-10745**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

| 3.1 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$9,130.57** |
|---|---|---|---|

**Júdice Glória, Taborda da Gama, SA SP RL**
**Rue Alexandre Herculano**
**38-4 1250-011 Lisbon, Portugal**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 9,130.57 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 9,130.57 |

**Fill in this information to identify the case:**

Debtor name     **OGI Associates LLC**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **24-10745**

☐ Check if this is an
amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1.    State what the contract or lease is for and the nature of the debtor's interest    **Services Agreement (Intertrust)** | |
| State the term remaining | **Viteos Fund Services LLC** |
| List the contract number of any government contract | **441 Lexington Ave., Suite 1404** **New York, NY 10017** |

**Fill in this information to identify the case:**

Debtor name    **OGI Associates LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **24-10745**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**  /  *Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **GWA, LLC** | **P.O. Box 2857**<br>**Meriden, CT 06450** | **Jefferies Strategic Investments, LLC** | ■ D __2.1__<br>☐ E/F ____<br>☐ G ____ |
| 2.2 | **GWA, LLC** | **P.O. Box 2857**<br>**Meriden, CT 06450** | **Leucadia Asset Management Holdings LLC** | ■ D __2.2__<br>☐ E/F ____<br>☐ G ____ |
| 2.3 | **Weiss Multi-Strategy Advisers LLC** | **P.O. Box 2857**<br>**Meriden, CT 06450** | **Jefferies Strategic Investments, LLC** | ■ D __2.1__<br>☐ E/F ____<br>☐ G ____ |
| 2.4 | **Weiss Multi-Strategy Advisers LLC** | **P.O. Box 2857**<br>**Meriden, CT 06450** | **Leucadia Asset Management Holdings LLC** | ■ D __2.2__<br>☐ E/F ____<br>☐ G ____ |
| 2.5 | **Weiss Multi-Strategy Advisers LLC** | **P.O. Box 2857**<br>**Meriden, CT 06450**<br>**$15,217.62 total** | **Júdice Glória, Taborda da Gama, SA SP RL** | ☐ D ____<br>■ E/F __3.1__<br>☐ G ____ |

| Debtor | **OGI Associates LLC** | Case number *(if known)* | **24-10745** |

---

███ **Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| 2.6 | **Weiss Multi-Strategy Partners LLC** — P.O. Box 2857, Meriden, CT 06450, 2% of $15,217.62 total | **Júdice Glória, Taborda da Gama, SA SP RL** | ☐ D _____ ■ E/F __3.1__ ☐ G _____ |
| 2.7 | **Weiss Special Operations LLC** — P.O. Box 2857, Meriden, CT 06450 | **Jefferies Strategic Investments, LLC** | ■ D __2.1__ ☐ E/F _____ ☐ G _____ |
| 2.8 | **Weiss Special Operations LLC** — P.O. Box 2857, Meriden, CT 06450 | **Leucadia Asset Management Holdings LLC** | ■ D __2.2__ ☐ E/F _____ ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name    **OGI Associates LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **24-10745**

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1. **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date:<br>From  **1/01/2024** to **Filing Date** | ☐ Operating a business<br><br>■ Other    **Investment Income** | $450,666.00 |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|
| | |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1. **KPMG LLP<br>PO Box 120511<br>Dallas, TX 75312** | 3/20/2024<br>3/21/2024<br>3/28/2024 | $253,500.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |

Debtor    **OGI Associates LLC**                                                Case number *(if known)* **24-10745**

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| **3.2. Jefferies Strategic Investments, LLC<br>c/o Leucadia Asset Management<br>Holdings<br>520 Madison Avenue<br>New York, NY 10022** | 2/15/2024 | **$3,000,000.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| **3.3. Weiss Multi-Strategy Advisers LLC<br>P.O. Box 2857<br>Meriden, CT 06450** | 3/27/2024<br>4/11/2024<br>4/29/2024 | **$21,983.05** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  **Reimbursements** |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| **4.1. GWA, LLC<br>P.O. Box 2857<br>Meriden, CT 06450<br>Affiliate (related Debtor)** | **5/30/2023<br>6/30/2023<br>8/31/2023<br>9/28/2023<br>11/28/2023<br>12/29/2023<br>2/8/2024<br>2/9/2024<br>3/28/2024<br>3/29/2024<br>4/29/2024** | **$40,350,485.00** | **To record transfers of funds to GWA LLC** |
| **4.2. Weiss Multi-Strategy Advisers LLC<br>P.O. Box 2857<br>Meriden, CT 06450<br>Affiliate (related Debtor)** | **5/3/2023<br>8/4/2023<br>8/4/2023** | **$41,579.71** | **Reimbursement** |

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

Debtor    **OGI Associates LLC**                                                Case number *(if known)*   **24-10745**

---

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
    List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

    ☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. **Proceeding No. 18588/16.2T8LSB 356173826** | **Litigation and liquidation claims filed by OGI Associates LLC relating to the decision of the Bank of Portugal on December 29, 2015 to retransfer €2.2b of bonds owned by foreign investors from Novo Banco back to Banco Espírito Santo resulting in losses to OGI Associates LLC** | **Judicial Court of the District of Lisbon Central Instance 1st Chamber of Commerce - J1** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8.  **Assignments and receivership**
    List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

    ■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

    ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:    Certain Payments or Transfers**

Debtor   **OGI Associates LLC** _____   Case number *(if known)* **24-10745**

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Klestadt Winters Jureller Southard & Ste 200 West 41st Street 17th Floor New York, NY 10036** | **Attorney Fees (aggregate among all affiliated Debtors)** | **2/13/24 2/14/24 2/29/24 3/20/24 4/5/24 4/25/24** | **$458,190.00** |
| | Email or website address **tklestadt@klestadt.com** | | | |
| | Who made the payment, if not debtor? **GWA, LLC (Affiliated Debtor)** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:   Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | **1 State Street Hartford, CT 06103** | **1-26-1983 to 12-31-2022** |

**Part 8:   Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

Debtor    **OGI Associates LLC**                                          Case number *(if known)* **24-10745**

---

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
|  |  |  |

## Part 9:    Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **UBS Securities LLC c/o Legal Department 677 Washington Blvd Stamford, CT 06901** | **XXXX-0134** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>■ Brokerage<br>☐ Other__ | **04/2023** | **$0.00** |
| 18.2. | **UBS Securities LLC c/o Legal Department 677 Washington Blvd Stamford, CT 06901** | **XXXX-0130** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>■ Brokerage<br>☐ Other__ | **04/2023** | **$0.00** |
| 18.3. | **Credit Suisse Securities (USA) LLC Eleven Madison Avenue New York, NY 10010-3629** | **XXXX-72A0** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>■ Brokerage<br>☐ Other__ | **02/02/2024** | **Unknown** |
| 18.4. | **Credit Suisse International One Cabot Square London EI4 4QJ England** | **XXXX-** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>■ Brokerage<br>☐ Other__ | **07/27/2023** | **Unknown** |

Debtor   **OGI Associates LLC**                                                      Case number *(if known)* **24-10745**

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.5. | **Credit Suisse Securities (Europe) Ltd**<br>**One Cabot Square**<br>**London EI4 4QJ**<br>**England** | **XXXX-** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>■ Brokerage<br>☐ Other___ | **07/27/2023** | **Unknown** |
| 18.6. | **Cowen Financial Products LLC**<br>**599 Lexington Avenue, 21st Floor**<br>**New York, NY 10022** | **XXXX-** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>■ Brokerage<br>☐ Other___ | **06/01/2023** | **Unknown** |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:   Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

Debtor   **OGI Associates LLC**       Case number *(if known)* **24-10745**

■ No.

☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

### Part 13:   Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|
| | | |

26. **Books, records, and financial statements**
  26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   **KPMG LLP** <br> **PO Box 120511** <br> **Dallas, TX 75312** | |
| 26a.2.   **Michele M Lanzoni** <br> ███████████████████ | |
| 26a.3.   **Scott A Crowell** <br> ███████████████ | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1.   **KPMG LLP** <br> **PO Box 120511** <br> **Dallas, TX 75312** | |

Debtor  **OGI Associates LLC**                                    Case number *(if known)*  **24-10745**

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case was filed.

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Michele M Lanzoni** ████████████████ | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. **Jefferies Strategic Investments, LLC** **c/o Leucadia Asset Management Holdings** **520 Madison Avenue** **New York, NY 10022** |
| 26d.2. **Bank of America N.A.** **1133 Avenue of the Americas** **42nd Floor, NY1-533-42-01** **New York, NY 10036** |
| 26d.3. **The Bank of Nova Scotia  (Scotia bank)** **250 Vesey Street – 24th Floor** **New York, NY 10281** |
| 26d.4. **The Bank of Nova Scotia  (Scotia bank)** **40 King Street West** **Scotia Plaza, 55th Floor** **Toronto, Ontario M5H 1H1** |
| 26d.5. **Barclays Bank PLC/Barclays Capital Inc.** **745 Seventh Avenue** **New York, NY 10019** |
| 26d.6. **BNP Paribas** **787 Seventh Avenue** **New York, NY 10019** |
| 26d.7. **BNP Paribas Securities Corp** **525 Washington Blvd** **Jersey City, NJ 07310** |
| 26d.8. **Cantor(CF Secured LLC)** **110 East 59th Street** **New York, NY 10022** |
| 26d.9. **Citigroup Global Markets Inc** **390 Greenwich Street, 3rd Floor** **New York, NY 10013** |
| 26d.10. **Cowen Financial Products LLC** **599 Lexington Avenue, 21st Floor** **New York, NY 10022** |
| 26d.11. **CREDIT SUISSE SECURITIES (USA) LLC** **Eleven Madison Avenue** **New York, NY 10010** |
| 26d.12. **Credit Suisse International** **One Cabot Square** **London E14 4 QJ, United Kingdom** |

Debtor   **OGI Associates LLC**                                               Case number *(if known)* **24-10745**

| Name and address |
|---|

**26d.13.**  **Credit Suisse Securities (Europe) Ltd**
**One Cabot Square**
**London E14 4 QJ, United Kingdom**

**26d.14.**  **Deutsche Bank Securities Inc.**
**60 Wall Street**
**New York, NY 10005**

**26d.15.**  **Goldman Sachs & Co**
**200 West Street**
**New York, NY 10282**

**26d.16.**  **Goldman Sachs International**
**Plumtree Court**
**25 Shoe Ln**
**London EC4A 4AU,  United Kingdom**

**26d.17.**  **ING FINANCIAL MARKETS LLC**
**1325 Avenue of the Americas**
**New York, NY 10019**

**26d.18.**  **J.P. Morgan Securities LLC**
**270 Park Avenue**
**New York, NY 10017**

**26d.19.**  **Morgan Stanley & Co., LLC**
**1585 Broadway, 6th Floor**
**New York, NY 10036**

**26d.20.**  **Morgan Stanley & Co. International PLC**
**25 Cabot Square/ Canary Wharf**
**London EI4 4QA, United Kingdom**

**26d.21.**  **Nomura International PLC**
**1 Angel Lane**
**London EC4R 3AB, United Kingdom**

**26d.22.**  **Nomura Global Financial Products Inc**
**Worldwide Plaza**
**309 West 49th Street**
**New York, NY 10019**

**26d.23.**  **RBS Securities Inc.**
**600 Washington Blvd**
**Stamford, CT 06901**

**26d.24.**  **Royal Bank of Scotland, PLC.**
**135 Bishopsgate**
**London EC2M 3UR, United Kingdom**

**26d.25.**  **UBS Securities LLC**
**677 Washington Boulevard**
**Stamford, CT 06901**

**26d.26.**  **UBS AG**
**100 Liverpool Street**
**London EC2M 2RH,  United Kingdom**

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

Debtor    **OGI Associates LLC**                                    Case number (if known) **24-10745**

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **GWA, LLC** | **P.O. Box 2857**<br>**Meriden, CT 06450** | | **100%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **George A Weiss** | ███████████ | **CEO & Treasurer, Executive Committee Member** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Jordi Visser** | ███████████ | **Chief Investment Officer and President, Executive Committee Member** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Pierce M Archer** | ███████████ | **SVP and Chief Operating Officer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Steven M Breen** | ███████████ | **SVP and Chief Technology Officer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Jeffrey Dillabough** | ███████████ | **SVP, General Counsel and Secretary** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Michele M Lanzoni** | ███████████ | **SVP and Controller** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Scott A Crowell** | ███████████ | **Interim Chief Financial Officer** | |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Michael Edwards** | ███████████ | **Deputy Chief Investment Officer and Chief Administrative Officer; current consultant** | **5/6/19 - 3/21/24** |

Debtor   **OGI Associates LLC**                                    Case number *(if known)*   **24-10745**

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| David Hopkins | ███████████ | Chief Risk Officer | 6/6/16 - 4/15/24 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Victoria Stearns | ███████████ | Chief Compliance Officer | 10/30/14-4/15/24 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| David F Betten | ███████████ | Executive Committee Member | 8/17/1998 -03/31/2024 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Lundy R Wright | ███████████ | Executive Committee Member | 8/31/07 - 03/31/24 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Ron M Lior | ███████████ | Executive Committee Member | 7/12/93 - 3/31/24 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| GWA, LLC | EIN:   06-1457079 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:  Signature and Declaration**

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true

Debtor    **OGI Associates LLC**                                    Case number *(if known)*    **24-10745**

and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 11, 2024**

**/s/ Michele Lanzoni**                                    **Michele Lanzoni**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **Controller**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
■ Yes