**Hearing Date and Time: September 17, 2024 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: September 10, 2024 at 4:00 p.m. (Prevailing Eastern Time)**

Dustin P. Smith
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Proposed Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **WEISS MULTI-STRATEGY ADVISERS LLC, *et al.*,**[1] | **Case No. 24-10743 (MG)** |
| | **(Jointly Administered)** |
| **Debtors.** | |

**NOTICE OF HEARING ON EXAMINER'S**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF HUGHES HUBBARD & REED LLP**
**AS ATTORNEYS FOR THE EXAMINER EFFECTIVE AS OF AUGUST 20, 2024**

**PLEASE TAKE NOTICE** that a hearing on the *Examiner's Application for Entry of an Order Authorizing the Employment and Retention of Hughes Hubbard & Reed LLP as Attorneys for the Examiner Effective as of August 20, 2024* (the "Application") will be held on **September 17, 2024 at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing") before the Honorable Martin

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Weiss Multi-Strategy Advisers LLC (7518); GWA, LLC (7079); OGI Associates LLC (4493); Weiss Special Operations LLC (7626), and Weiss Multi-Strategy Funds LLC (8004). The location of Debtor Weiss Multi-Strategy Advisers LLC's principal place of business was formerly 320 Park Avenue, 20th Floor, New York, New York 10022 and the Debtors' service address in these Chapter 11 Cases is P.O. Box 2857, Meriden, Connecticut 06450.

Glenn, Chief United States Bankruptcy Judge for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will take place via Zoom for Government. Parties wishing to appear at the Hearing must make an electronic appearance (an "eCourtAppearance") through the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances no later than 4:00 p.m. (prevailing Eastern time) on September 16, 2024.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 59) (the "Interim Compensation Procedures Order"); (c) be filed electronically with the Court on the docket of *In re Weiss Multi-Strategy Advisers LLC*, No. 24-10743 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **September 10, 2024 at 4:00 p.m. (prevailing Eastern Time)**, by (i) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004, Attn: Dustin P. Smith, Esq. (dustin.smith@hugheshubbard.com) and Jeffrey S. Margolin, Esq. (jeff.margolin@hugheshubbard.com), and (ii) the Notice Parties designated in the Interim Compensation Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Application as requested by the Examiner.

**PLEASE TAKE FURTHER NOTICE** that the Application and exhibits thereto may be viewed, free of charge, by visiting the website of Omni Agent Solutions at https://omniagentsolutions.com/GWA or the Bankruptcy Court's website www.nysb.uscourts.gov for those with a PACER password. The Application and exhibits thereto are also available upon request from the undersigned counsel.

Dated: New York, New York
August 29, 2024

**HUGHES HUBBARD & REED LLP**

*/s/ Dustin P. Smith*
Dustin P. Smith
Jeffrey S. Margolin
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Proposed Counsel to the Examiner*

**Hearing Date and Time: September 17, 2024 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: September 10, 2024 at 4:00 p.m. (Prevailing Eastern Time)**

Dustin P. Smith
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Proposed Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **WEISS MULTI-STRATEGY ADVISERS LLC, *et al.*,**[1] | : | **Case No. 24-10743 (MG)** |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |

**EXAMINER'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HUGHES HUBBARD & REED LLP AS ATTORNEYS FOR THE EXAMINER EFFECTIVE AS OF AUGUST 20, 2024**

Christopher K. Kiplok, Examiner in these chapter 11 cases (the "Chapter 11 Cases"), files this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, approving the employment of Hughes Hubbard & Reed LLP ("Hughes Hubbard" or the "Firm") as his attorneys effective as of August 20, 2024. In support of this Application, the Examiner relies upon and incorporates by reference the *Declaration of Christopher K. Kiplok*

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Weiss Multi-Strategy Advisers LLC (7518); GWA, LLC (7079); OGI Associates LLC (4493); Weiss Special Operations LLC (7626), and Weiss Multi-Strategy Funds LLC (8004). The location of Debtor Weiss Multi-Strategy Advisers LLC's principal place of business was formerly 320 Park Avenue, 20th Floor, New York, New York 10022 and the Debtors' service address in these Chapter 11 Cases is P.O. Box 2857, Meriden, Connecticut 06450.

*Regarding Eligibility for Appointment as Chapter 11 Examiner for Debtors Weiss Multi-Strategy Advisers LLC, et al.* (ECF No. 178-1) (the "Disinterestedness Declaration"), attached as Exhibit 1 to the *United States Trustee's Application for Order Approving Appointment of Examiner* ("Examiner Application") (ECF 178); the *Declaration of Christopher K. Kiplok Regarding Terms of Employment of Hughes Hubbard & Reed LLP* attached to this Application as Exhibit B (the "Employment Declaration," and together with the Disinterestedness Declaration, the "Kiplok Declarations"); and the *Declaration of Dustin P. Smith* (the "Smith Declaration") attached to this Application as Exhibit C, and respectfully represents:

**Jurisdiction, Venue and Authority**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The bases for the relief requested in this Application are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"); and the *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* (ECF No. 173) (the "Examiner Order"), which provides in part: "[t]he Examiner may retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, all of which professionals shall file applications with this Court for approval of their retention, and each application shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code." (Examiner Order at ¶ 9.)

**Background**

3. On April 29, 2024, each of Weiss Multi-Strategy Advisers LLC, GWA, LLC, OGI

Associates LLC and Weiss Special Operations LLC filed a voluntary petition under chapter 11 of the Bankruptcy Code with the Court. On June 19, 2024, Weiss Multi-Strategy Funds LLC filed a voluntary petition under chapter 11 of the Bankruptcy Code. Weiss Multi-Strategy Advisers, LLC and its affiliated debtors are collectively referred herein as the "Debtors."

4. On May 29, 2024, this Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 59) (the "Interim Compensation Procedures Order").

5. On July 15, 2024, the Debtors filed a motion seeking appointment of an examiner (ECF No. 135).

6. On August 15, 2024, the Court entered the Examiner Order, directing the appointment of an examiner under section 1104(c) to investigate and analyze the Debtors' compensation and bonus payments made in February 2024, as well as any other transfers made by the Debtors to the Debtors' insiders during the period from April 29, 2022 to April 29, 2024, and to determine:

a. whether the payments or transfers were consistent with the relevant contractual obligations, business history and industry standards;

b. whether the payments or transfers were made in the ordinary course of the Debtors' businesses;

c. whether the Debtors have any viable causes of action for avoidance of the payments or transfers; and

d. to report and recommend a course of action, if any, related to the avoidance and recovery of any of the payments or transfers.

(Examiner Order at ¶ 3.)

7. The Examiner Order also directed the examiner to "prepare and file a report setting forth the result of the Examiner's Investigation ("Report"), as is required by 11 U.S.C. § 1106(a)(4)" subject to the terms of the Examiner Order. (*Id.* at ¶ 7.)

8. On August 20, 2024, the United States Trustee appointed Christopher K. Kiplok as Examiner and filed the (i) notice of the appointment (ECF No. 177); and (ii) *Application for Order Approving the Appointment of Examiner* (ECF No. 178). Also on August 20, 2024, this Court entered an order approving the appointment of the Examiner (ECF No. 179).

9. Paragraph 9 of the Examiner Order authorizes the Examiner to retain counsel and other professionals subject to Court approval under Bankruptcy Code section 327(a).

**Relief Requested**

10. By this Application, the Examiner requests entry of an order under Bankruptcy Code section 327 and the Examiner Order, and in accordance with Bankruptcy Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, and this Court's Interim Compensation Procedures Order, approving the employment of Hughes Hubbard as the Examiner's attorneys to represent and assist the Examiner in carrying out his duties. The Examiner seeks the approval effective as of August 20, 2024, the date on which the Court appointed the Examiner. The Examiner requests that Hughes Hubbard be retained to perform the services described, and on the terms set forth, in this Application.

**Hughes Hubbard's Qualifications**

11. The Examiner seeks the appointment of Hughes Hubbard to represent him and assist him in carrying out his duties because of Hughes Hubbard's extensive investigative and bankruptcy experience, expertise, and resources.

12. Hughes Hubbard employs approximately 225 lawyers. The office of the attorneys representing the Examiner is located at One Battery Park Plaza, New York, New York. Hughes Hubbard also has offices in Washington, D.C.; Kansas City, Missouri; Miami, Florida; Los

Angeles, California; Paris, France; Tokyo, Japan; and Rio de Janeiro, Brazil.[2] Hughes Hubbard's attorneys have a broad range of experience in conducting investigations, including investigations in complex bankruptcy cases involving financial firms.

13. Hughes Hubbard has represented the trustees in the broker-dealer liquidations of Lehman Brothers Inc. and MF Global Inc. and has been counsel to debtors, trustees, receivers, and regulators in numerous other financial firm failures. Hughes Hubbard has extensive experience with a proven track record of tracing and evaluating complex movements of cash and securities undertaken by financial firms prior to commencement of bankruptcy proceedings. Reports from these cases have informed Congressional and regulatory action and policy makers in foreign jurisdictions and served as the basis for creditor recoveries.

14. Through his employment of Hughes Hubbard, the Examiner will have the benefit of the knowledge and experience of these attorneys, as well as the ability to call upon attorneys within Hughes Hubbard with experience in other specialized areas of law as may be needed. The Examiner believes that Hughes Hubbard is qualified to represent him in these cases in a cost-effective, efficient, and timely manner.

**Services to be Provided**

15. The Examiner anticipates Hughes Hubbard will provide him the following services:

a. represent and assist the Examiner in the discharge of his duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law;

b. assist the Examiner in the preparation of reports and represent him in the preparation of motions, applications, notices, orders, and other documents necessary in the discharge of the Examiner's duties;

c. represent the Examiner at hearings and other proceedings before this Court

---

2. This office is operated in cooperation with Saud Advogades.

(and, to the extent necessary, any other court);

d. analyze and advise the Examiner regarding any legal issues that arise in connection with the discharge of his duties;

e. assist the Examiner with interviews, examinations, and the review of documents and other materials in connection with the Examiner's investigation;

f. perform all other necessary legal services on behalf of the Examiner in connection with the Chapter 11 Cases; and

g. assist the Examiner in undertaking any additional tasks or duties that the Court might direct or that the Examiner might determine are necessary and appropriate in connection with the discharge of his duties.

**Hughes Hubbard's Disinterestedness**

16. As described in detail in the Kiplok Declarations and the Smith Declaration, Hughes Hubbard has conducted a search of its conflict database and has made other internal inquiries about connections with the Debtors and the entities and individuals as further described in the Disinterestedness Declaration. The Kiplok Declarations and the Smith Declaration set forth the scope of the search and those inquiries and their results.

17. The Examiner believes that none of Hughes Hubbard's connections to parties in interest identified in the Disinterestedness Declaration disqualify Hughes Hubbard from serving as attorneys to the Examiner.

18. Based upon the Kiplok Declarations and the Smith Declaration, the Examiner believes that Hughes Hubbard is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to these Chapter 11 Cases, as required by section 327(a) of the Bankruptcy Code, and that Hughes Hubbard's partners, associates, and other attorneys do not hold or represent any interest adverse to these Chapter 11 Cases or their estates. The disclosures by Hughes Hubbard set forth in the Disinterestedness Declaration have been made based upon a review of the best information available at the time.

19. Hughes Hubbard has agreed to review its files periodically during these Chapter 11 Cases to ensure no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Hughes Hubbard will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a).

**Professional Compensation**

20. Hughes Hubbard intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Examiner in connection to the Chapter 11 Cases. Subject to Court approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), as set forth in the Smith Declaration, Hughes Hubbard intends to charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of January 1, 2024, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Hughes Hubbard on the Examiner's behalf, subject to the public interest discounts described below.

21. The Smith Declaration sets forth information concerning Hughes Hubbard's hourly rates as currently in effect, which are: $1,250 to $1,895 for partners, $715 to $1,175 for associates, $1,175 to $1,825 for counsel and specialist attorneys, and $395 for legal assistants. The Examiner, in connection with discharging his duties under the Examiner Order, will be billed at $1,200 per hour, which reflects an approximately 29% discount from his standard hourly rate of $1,675. All other Hughes Hubbard attorneys and legal assistants, in connection with representing the Examiner, will be billed at a 10% discount from their standard hourly rates. The Examiner recognizes the Debtors' limited resources and will staff his work plan accordingly so that the assigned Hughes

Hubbard attorneys' billing rates, with the discounts provided herein, bring Hughes Hubbard within the range of rates being charged by the Debtors' counsel.

22. Hughes Hubbard's hourly rates, as discounted herein, are set at a level designed to compensate Hughes Hubbard fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rate structure set forth is generally consistent with the rates that Hughes Hubbard has charged for similar services provided in representing trustees under the Securities Investor Protection Act before this Court. *See In re MF Global Inc.*, Case No. 11-2790 (MG) SIPA; *In re Lehman Brothers Inc.*, Case No. 08-1420 (MG) SIPA.

23. It is Hughes Hubbard's policy to charge its clients in all areas of practice for most expenses incurred in connection with the client's case, such as express mail and overnight delivery service charges and computerized research. Hughes Hubbard will not charge in these Chapter 11 Cases for a number of categories of expenses regularly charged to and paid by Hughes Hubbard's clients, including overtime meals and after-hours travel services. To the extent Hughes Hubbard intends to retain a vendor to receive and host documents produced by other parties, Hughes Hubbard will include the actual cost of such vendor's services in Hughes Hubbard's fee statements.

24. The Examiner believes that Hughes Hubbard's rates are reasonable and comparable to the rates charged by other firms for similar services. The Examiner requests that all fees and related costs and expenses incurred by Hughes Hubbard be paid as administrative expenses of the estates under and subject to Bankruptcy Code sections 327, 330(a), 331, 503(b), and 507(a)(1) and this Court's Interim Compensation Procedures Order.

**Basis for Relief Requested**

25. The Examiner Order authorizes the Examiner to "retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, all of which professionals shall file applications with this Court for approval of their

retention, and each application shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code." (Examiner Order at ¶ 9.)

26. Section 327(a) of the Bankruptcy Code provides, in part, that subject to Court approval, a trustee "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

27. Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

28. The Examiner submits that for all the reasons stated above and in the Kiplok Declarations and the Smith Declaration, the retention and employment of Hughes Hubbard as counsel to the Examiner is warranted. Further, as stated in the Disinterestedness Declaration and the Smith Declaration, Hughes Hubbard is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Disinterestedness Declaration.

## Notice

29. Notice of this Application has been provided to: (a) counsel to the Debtors; (b) the Office of the U.S. Trustee; (c) counsel to Jefferies Strategic Investments, LLC, Leucadia Asset Management Holdings LLC, and Jefferies LLC; (d) the top 20 general unsecured creditors of each Debtor; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases. A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://omniagentsolutions.com/GWA. The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Conclusion

WHEREFORE, the Examiner respectfully requests that this Court grant the Application and enter an order, substantially in the form attached hereto as Exhibit A, approving his employment of Hughes Hubbard as attorneys in the Chapter 11 Cases effective as of August 20, 2024, and granting the Examiner such other and further relief as the Court deems just and proper.

Dated: August 29, 2024
New York, New York

By: */s/ Christopher K. Kiplok*
Christopher K. Kiplok
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Examiner*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **WEISS MULTI-STRATEGY ADVISERS LLC, *et al.*,**[1] | : | **Case No. 24-10743 (MG)** |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HUGHES HUBBARD & REED LLP AS ATTORNEYS FOR THE EXAMINER EFFECTIVE AS OF AUGUST 20, 2024**

Upon the *Examiner's Application for Entry of an Order Authorizing the Retention and Employment of Hughes Hubbard & Reed LLP as Attorneys for the Examiner Effective as of August 20, 2024* (the "Application") of Christopher K. Kiplok, the appointed Examiner in these chapter 11 cases (the "Chapter 11 Cases"), for entry of an order authorizing him to retain and employ Hughes Hubbard & Reed LLP ("Hughes Hubbard") as his attorneys effective as of August 20, 2024, under sections 105(a), 327(a), 330, 1104 and 1106 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* (ECF No. 173) (the "Examiner Order"); and the Court having reviewed the Application, *Declaration of Christopher K. Kiplok*

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Weiss Multi-Strategy Advisers LLC (7518); GWA, LLC (7079); OGI Associates LLC (4493); Weiss Special Operations LLC (7626), and Weiss Multi-Strategy Funds LLC (8004). The location of Debtor Weiss Multi-Strategy Advisers LLC's principal place of business was formerly 320 Park Avenue, 20th Floor, New York, New York 10022 and the Debtors' service address in these Chapter 11 Cases is P.O. Box 2857, Meriden, Connecticut 06450.

*Regarding Eligibility for Appointment as Chapter 11 Examiner for Debtors Weiss Multi-Strategy Advisers LLC, et al.* (ECF No. 178-1) (the "Disinterestedness Declaration"), attached as Exhibit 1 to the *United States Trustee's Application for Order Approving Appointment of Examiner* ("Examiner Application") (ECF 178); the *Declaration of Christopher K. Kiplok Regarding Terms of Employment of Hughes Hubbard & Reed LLP* attached as Exhibit B to the Application (the "Employment Declaration," and together with the Disinterestedness Declaration, the "Kiplok Declarations"); the *Declaration of Dustin P. Smith*, attached as Exhibit C to the Application (the "Smith Declaration"); and having heard statements in support of the Application at a hearing held before the Court (the "Hearing") and any objections to the relief requested in the Application; and the Court having found that it has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334, that the Application is a core proceeding under 28 U.S.C. § 157(b)(2), and that the venue of this proceeding and the Application in this district is proper under 28 U.S.C. § 1409; and the Court having found, based on the Application, the Kiplok Declarations, and the Smith Declaration, that Hughes Hubbard does not hold or represent an interest adverse to the Debtors or their estates, that Hughes Hubbard is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and the relief requested in the Application is in the best interests of the Examiner, the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Examiner has provided appropriate notice of the Application under the circumstances and no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is granted and approved as set forth herein.

2. The Examiner's employment of Hughes Hubbard as his attorneys effective as of August 20, 2024 in accordance with the terms and conditions set forth in the Application and the Smith Declaration is approved.

3. Hughes Hubbard is authorized to provide the Examiner with the professional services as described in the Application. Specifically, Hughes Hubbard will:

a. represent and assist the Examiner in the discharge of his duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law;

b. assist the Examiner in the preparation of reports and represent him in the preparation of motions, applications, notices, orders and other documents necessary in the discharge of the Examiner's duties;

c. represent the Examiner at hearings and other proceedings before this Court (and, to the extent necessary, any other court);

d. analyze and advise the Examiner regarding any legal issues that may arise in connection with the discharge of his duties;

e. assist the Examiner with interviews, examinations, and the review of documents and other materials in connection with the Examiner's investigation;

f. perform all other necessary legal services on behalf of the Examiner in connection with the Chapter 11 Cases; and

g. assist the Examiner in undertaking any additional tasks or duties that the Court might direct or that the Examiner might determine are necessary and appropriate in connection with the discharge of his duties.

4. Hughes Hubbard shall be compensated in accordance with and shall file interim and final applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, any fee and expense guidelines of this Court, and applicable orders of this Court.

5. Prior to any increases in Hughes Hubbard's rates for any individual retained by Hughes Hubbard and providing services in these Chapter 11 Cases, Hughes Hubbard shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the United States Trustee, and any official committee appointed in this case. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Examiner has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Application to the contrary, Hughes Hubbard shall (i) to the extent that Hughes Hubbard uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these Chapter 11 Cases, Hughes Hubbard shall pass through the cost of such Contractors to the Debtors at the same rate that Hughes Hubbard pays the Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure that the Contractors are subject to the same conflicts checks as required for Hughes Hubbard; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

7. The Examiner and Hughes Hubbard may take all actions necessary to effectuate the relief granted in this Order.

8. To the extent the Application, the Kiplok Declarations, or the Smith Declaration are inconsistent with this Order, the terms of this Order shall govern.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. This Court shall have exclusive jurisdiction to hear and determine all matters arising from or relating to this Order and its implementation.

11. This Order shall be effective and enforceable immediately upon its entry.

Dated: September _, 2024

______________________________
The Honorable Martin Glenn
Chief United States Bankruptcy Judge

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **WEISS MULTI-STRATEGY ADVISERS LLC, *et al.*,**[1] | : | **Case No. 24-10743 (MG)** |
| **Debtors.** | : | **(Jointly Administered)** |

**DECLARATION OF CHRISTOPHER K. KIPLOK REGARDING**
**TERMS OF EMPLOYMENT OF HUGHES HUBBARD & REED LLP**

Pursuant to 28 U.S.C. § 1746, I, Christopher K. Kiplok, hereby declare as follows:

1. I am the Examiner, appointed under the *Order Approving the Appointment of Chapter 11 Examiner*. (ECF No. 179).

2. I submit this declaration (the "Declaration") in connection with the *Examiner's Application for Entry of an Order Authorizing the Retention and Employment of Hughes Hubbard & Reed LLP as Attorneys for the Examiner Effective as of August 20, 2024* (the "Application").[2] Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

**Selection of Counsel**

3. In the Disinterestedness Declaration, I advised the U.S. Trustee that if selected as Examiner, I would employ Hughes Hubbard as my counsel. I interviewed no other firms. As a

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Weiss Multi-Strategy Advisers LLC (7518); GWA, LLC (7079); OGI Associates LLC (4493); Weiss Special Operations LLC (7626), and Weiss Multi-Strategy Funds LLC (8004). The location of Debtor Weiss Multi-Strategy Advisers LLC's principal place of business was formerly 320 Park Avenue, 20th Floor, New York, New York 10022 and the Debtors' service address in these Chapter 11 Cases is P.O. Box 2857, Meriden, Connecticut 06450.

2. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

partner, co-chair of the Corporate Restructuring & Bankruptcy Department, and member of the Executive Committee at Hughes Hubbard, I believe Hughes Hubbard is both well qualified and able to represent me in these cases in an efficient, timely, and cost-effective manner.

**Rate Structure**

4. In connection with my duties as Examiner, I will be responsible for supervising Hughes Hubbard. The Smith Declaration sets forth information concerning Hughes Hubbard's hourly rates as currently in effect, which are: $1,250 to $1,895 for partners, $715 to $1,175 for associates, $1,175 to $1,825 for counsel and specialist attorneys, and $395 for legal assistants. I, in connection with discharging my duties under the Examiner Order, will be billed at $1,200 per hour, which reflects an approximately 29% discount from my standard hourly rate of $1,675. All other Hughes Hubbard attorneys and legal assistants, in connection with representing the Examiner, will be billed at a 10% public interest discount from their standard hourly rates.

5. I have compared the aforementioned rates to those of other market professionals and have determined that Hughes Hubbard's rates are, on the whole, at or below the market rates for professionals of similar expertise. Therefore, I have determined that Hughes Hubbard's rates are reasonable and comparable to the rates charged by other firms for similar services.

6. I recognize the Debtors' limited resources and will staff my work plan accordingly so that the assigned Hughes Hubbard attorneys' billing rates, with the discounts provided herein, bring Hughes Hubbard within the range of rates being charged by the Debtors' counsel.

**Cost Supervision**

7. I recognize that it is my responsibility to monitor closely the billing practices of my counsel to ensure the fees and expenses paid by the estates on account of my appointment and investigation remain consistent with expectations and the exigencies of these Chapter 11 Cases.

8. I will review the invoices that Hughes Hubbard submits. Because the engagement

is expected to be of a limited duration, and the budget will be set forth in the Examiner's work plan submitted to the Court, I do not expect to employ any additional budgeting procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 29, 2024
New York, New York

*/s/ Christopher K. Kiplok*
Christopher K. Kiplok

**Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **WEISS MULTI-STRATEGY ADVISERS LLC, *et al.*,**[1] | : | **Case No. 24-10743 (MG)** |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |

**DECLARATION OF DUSTIN P. SMITH IN SUPPORT OF THE EXAMINER'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HUGHES HUBBARD & REED LLP AS ATTORNEYS FOR THE EXAMINER EFFECTIVE AS OF AUGUST 20, 2024**

Pursuant to 28 U.S.C. § 1746, I, Dustin P. Smith, hereby declare as follows:

1. I am a partner of the firm of Hughes Hubbard & Reed LLP ("Hughes Hubbard" or the "Firm"), an international law firm with principal offices at One Battery Park Plaza, New York, New York 10004. I am admitted in, practicing in, and a member in good standing of, the bar of the State of New York and the bar of the United States District Court for the Southern District of New York. Hughes Hubbard is proposed counsel to Christopher K. Kiplok (the "Examiner"), as the Examiner in the above-captioned Chapter 11 Cases.

2. I submit this declaration (the "Declaration") pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Rules 2014-1 and 2016-1 of the Local

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Weiss Multi-Strategy Advisers LLC (7518); GWA, LLC (7079); OGI Associates LLC (4493); Weiss Special Operations LLC (7626), and Weiss Multi-Strategy Funds LLC (8004). The location of Debtor Weiss Multi-Strategy Advisers LLC's principal place of business was formerly 320 Park Avenue, 20th Floor, New York, New York 10022 and the Debtors' service address in these Chapter 11 Cases is P.O. Box 2857, Meriden, Connecticut 06450.

Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"); and the *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* (ECF No. 173) (the "Examiner Order"), in support of the Examiner's application (the "Application")[2] for authority to employ and retain Hughes Hubbard as his attorneys, effective as of August 20, 2024.

3. Unless otherwise stated in the Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto. Certain of the disclosures set forth herein relate to matters not within my personal knowledge but rather within the knowledge of other attorneys and employees at Hughes Hubbard and are based on information provided to me by them.

**Hughes Hubbard's Qualifications**

4. Hughes Hubbard employs approximately 225 lawyers. The office of the attorneys representing the Examiner is located at One Battery Park Plaza, New York, New York. Hughes Hubbard also has offices in Washington, D.C.; Kansas City, Missouri; Miami, Florida; Los Angeles, California; Paris, France; Tokyo, Japan; and Rio de Janeiro, Brazil.[3] Hughes Hubbard's attorneys have a broad range of experience in conducting investigations, including investigations in complex bankruptcy cases involving financial firms.

5. Hughes Hubbard has represented the trustees in the broker-dealer liquidations of Lehman Brothers Inc. and MF Global Inc. and has been counsel to debtors, trustees, receivers, and regulators in numerous other financial firm failures. Hughes Hubbard has extensive experience with a proven track record of tracing and evaluating complex movements of cash and securities

2. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

3. This office is operated in cooperation with Saud Advogades.

undertaken by financial firms prior to commencement of bankruptcy proceedings. Reports from these cases have informed Congressional and regulatory action and policy makers in foreign jurisdictions and served as the basis for creditor recoveries.

6. In preparing for its representation of the Examiner, Hughes Hubbard has become familiar with the background pertaining to the Debtors' businesses, the background of its bankruptcy filing, and many of the potential legal issues that may arise in the context of the Examiner's investigation. I believe that Hughes Hubbard is both qualified and able to represent the Examiner in his investigation in an efficient and timely manner.

**Services to be Provided**

7. The Examiner anticipates that in connection with these chapter 11 cases, Hughes Hubbard will provide the following services to the Examiner:

a. represent and assist the Examiner in the discharge of his duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law;

b. assist the Examiner in the preparation of reports and represent him in the preparation of motions, applications, notices, orders, and other documents necessary in the discharge of the Examiner's duties;

c. represent the Examiner at hearings and other proceedings before this Court (and, to the extent necessary, any other court);

d. analyze and advise the Examiner regarding any legal issues that may arise in connection with the discharge of his duties;

e. assist the Examiner with interviews, examinations, and the review of documents and other materials in connection with the Examiner's investigation;

f. perform all other necessary legal services on behalf of the Examiner in connection with the Chapter 11 Cases; and

g. assist the Examiner in undertaking any additional tasks or duties that the Court might direct or that the Examiner might determine are necessary and appropriate in connection with the discharge of his duties.

**<u>Hughes Hubbard's Disinterestedness and Connections</u>**

8. In connection with its proposed retention by the Examiner in these Chapter 11 Cases, Hughes Hubbard performed a full conflicts check using the party-in-interest information relied upon in Schedule 1 to the *Debtors' Application for an Order Authorizing the Employment and Retention of Klestadt Winters Jureller Southard & Stevens, LLP as Attorneys for the Debtors and Debtors-In-Possession Nunc Pro Tunc to the Petition Date* (ECF No. 27). The results of Hughes Hubbard's conflicts check are set forth in the Disinterestedness Declaration.

9. Based on my participation in Hughes Hubbard's full conflicts check and my review of the Disinterestedness Declaration, I believe that Hughes Hubbard is a "disinterested person," as defined in Bankruptcy Code section 101(14); does not hold or represent an interest adverse to these Chapter 11 Cases, as required by Bankruptcy Code section 327(a); and that Hughes Hubbard's partners, counsel, associates, and other attorneys do not hold or represent any interest adverse to these Chapter 11 Cases or their estates. Accordingly, I submit that Hughes Hubbard is not disqualified for employment by the Examiner under Bankruptcy Code section 327(a) to represent and assist the Examiner in discharging his duties.

10. In addition, to the best of my knowledge, information, and belief, neither I, Hughes Hubbard, nor any partner, counsel, associate, or other attorney of Hughes Hubbard, is a relative of, or has been so connected to, any judge of the United States Bankruptcy Court for the Southern District of New York, the United States Trustee for Region 2, or any employee of the United States Trustee for Region 2 as to make the approval of Hughes Hubbard employment improper.[4]

---

4. An associate in Hughes Hubbard's Corporate Reorganization & Bankruptcy Department interned, while still in law school for law school credit, for Chief Bankruptcy Judge Martin Glenn in Spring 2019. Another associate in the Group interned, while still in law school for law school credit, for Bankruptcy Judge Sean H. Lane in Spring 2022, and as an intern for Bankruptcy Judge Shelley C. Chapman (ret.) in Summer 2022. Neither associate worked on any matters related to the Debtors or these Chapter 11 Cases during their respective internships.

Accordingly, I submit that Bankruptcy Rule 5002 would not prohibit employment of Hughes Hubbard as attorneys for the Examiner.

**Compensation**

11. Hughes Hubbard's hourly rates, as currently in effect, are: $1,250 to $1,895 for partners, $715 to $1,175 for associates, $1,175 to $1,825 for counsel and specialist attorneys, and $395 for legal assistants. The Examiner, in connection with discharging his duties under the Examiner Order, will be billed at $1,200 per hour, which reflects an approximately 29% discount from his standard hourly rate of $1,675. All other Hughes Hubbard attorneys and legal assistants, in connection with representing the Examiner, will be billed at a 10% discount from their standard hourly rates.

12. Hughes Hubbard's hourly rates, as discounted herein, are set at a level designed to compensate Hughes Hubbard fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rate structure set forth above is generally consistent with the rates that Hughes Hubbard has charged for similar services provided in representing trustees under the Securities Investor Protection Act before this Court. *See In re MF Global Inc.*, Case No. 11-2790 (MG) SIPA; *In re Lehman Brothers Inc.*, Case No. 08-1420 (MG) SIPA.

13. Although Hughes Hubbard does not anticipate using contract attorneys during these Chapter 11 Cases, in the unlikely event that it becomes necessary to use contract attorneys, Hughes Hubbard will not charge any markup to the Debtors' estates with respect to fees billed by any contract attorneys, but will seek reimbursement for actual costs only. Moreover, any contract attorneys who are retained by the Examiner in connection with work performed by Hughes Hubbard will be subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code.

14. It is Hughes Hubbard's policy to charge its clients in all areas of practice for most expenses incurred in connection with the client's case, such as express mail and overnight delivery service charges and computerized research. Hughes Hubbard will not charge in these Chapter 11 Cases for a number of categories of expenses regularly charged to and paid by Hughes Hubbard's clients, including overtime meals and after-hours travel services. To the extent Hughes Hubbard intends to retain a vendor to receive and host documents produced by other parties, Hughes Hubbard will include the actual cost of such vendor's services in Hughes Hubbard's fee statements.

15. Hughes Hubbard will charge in these Chapter 11 Cases for these expenses in a manner within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court. Hughes Hubbard believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. All requests for reimbursement of expenses will be consistent with any guidelines established by the Bankruptcy Court.

16. Hughes Hubbard will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules and Local Rules, the Interim Compensation Procedures Order, and any other applicable procedures and orders of the Court. In connection with any interim or final fee application Hughes Hubbard filed in these Chapter 11 Cases, Hughes Hubbard will make a reasonable effort to comply with the U.S Trustee's Guidelines.

17. No agreement or understanding exists between Hughes Hubbard and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these Chapter 11 Cases, nor shall Hughes

Hubbard share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Section 504 of the Bankruptcy Code.

18. Mindful of the public interest nature of the work of an examiner in these Chapter 11 Cases, Hughes Hubbard will endeavor to perform its services at a reasonable cost, consistent with the need to conduct a complete investigation and make a full report of the matters covered by the Examiner Order.

**<u>Response to U.S. Trustee Fee Guideline Questions</u>**

19. Consistent with the U.S. Trustee Guidelines, I provide the following information in further support of the Application:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this agreement?

Response: Yes. The Examiner is charging $1,200 per hour, which constitutes an approximately 29% discount from his standard hourly rate. All other Hughes Hubbard attorneys and legal assistants, in connection with representing the Examiner, will be billed at a 10% discount from their standard hourly rates.

**Question**: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: None of Hughes Hubbard's professionals included in this engagement has varied their rate based on the geographic location of these cases.

**Question**: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Not applicable.

**Question**: Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response: Hughes Hubbard's budget will be set forth in the Examiner's work plan submitted to the Court.

20. To the extent that, during or at the conclusion of Hughes Hubbard's employment in these Chapter 11 Cases, it discovers any facts bearing on matters described in this Declaration, Hughes Hubbard will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 29, 2024
New York, New York

*/s/ Dustin P. Smith*
Dustin P. Smith